Argued September 18, reversed and remanded for resentencing October 16, 1978

STATE OF OREGON, *Respondent,*
*v.*
STEVEN RAY EWING, *Appellant.*
(No. CC 77-677, CA 10779)

585 P2d 34

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

■ Defendant, prosecuted for possession of a stolen vehicle (ORS 481.990) appeals the sentence of five years imprisonment and the order requiring him to pay $700 in restitution. We address in this opinion the sufficiency of the order requiring restitution. Defendant's other assignment of error does not warrant discussion.

In *State v. Calderilla,* 34 Or App 1007, 580 P2d 578 (1978), we held that under ORS 161.675(1): (1) An order imposing restitution must specify the time, place and manner of payment in sufficient detail so that defendant will know when he is in default; (2) where defendant is sentenced to a term of imprisonment, the terms of payment shall not encompass the period of imprisonment unless there is an express finding that defendant has sufficient assets to pay the obligation imposed. The order here fails to meet these requirements.

■ The state in effect requests that we overrule *Calderilla* because of ORS 144.275, which provides:

"Whenever the State Board of Parole orders the release on parole of an inmate who has been sentenced to make restitution pursuant to ORS 137.10, but with respect to whom payment of all or a portion of the restitution was suspended until his release from imprisonment, the board shall establish a schedule by which payment of the restitution may be resumed. In fixing the schedule and supervising the paroled inmate's performance thereunder the board shall consider the factors specified in subsection (2) of ORS 137.10. The board shall provide to the sentencing court a copy of the schedule and any modifications thereof."

The only effect of this statute is to empower the Board of Parole to establish for parolees a schedule for payment of restitution. Presumably, in such cases the Board's order may modify the schedule of payment specified in the original order of the sentencing court. The statute, however, does not relieve the trial court of

the responsibility under ORS 161.675(1) to enter a correct initial order, particularly in light of the fact that at this time it is speculative whether defendant will ever become a parolee.

Reversed and remanded for resentencing.