Argued and submitted October 17, 1979,
affirmed February 25, 1980

STATE OF OREGON,
*Respondent,*

*v.*

GEORGE WILLIAM GRANT,
*Appellant.*

(No. 78-3211, CA 13136)

606 P2d 1166

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

Defendant was indicted for attempted murder and assault. Pending trial, he was released from custody under the security release provisions of ORS 135.265.[1] Defendant was subsequently convicted of the assault charge, sentenced to the maximum 10-year imprisonment, and ordered as part of his sentence to make restitution to the victim and "pay costs herein in the sum of $1,958.48 * * *." At his sentencing hearing, defendant moved for the remission of his security deposit. The motion was denied and the following order was entered as part of defendant's sentence:

"IT IS FURTHER ORDERED that the Finance Officer for Lane County, Oregon, disburse the defendant's security deposit herein in the sum of $1,000 by applying 10% of said sum toward the payment of security release costs herein and the balance toward the payment of costs herein."

The authority of the court to retain a portion of the security deposit is found in ORS 135.265(2):

"* * * When conditions of the release agreement have been performed and the defendant has been discharged from all obligations in the cause, the clerk

---

[1] ORS 135.265 provides in pertinent part:

"(1) If the defendant is not released on his personal recognizance * * * or granted conditional release * * * the magistrate shall set a security amount that will reasonably assure the defendant's appearance. * * *

"(2) The defendant shall execute a release agreement and deposit with the clerk of the court before which the proceeding is pending a sum of money equal to 10 percent of the security amount, but in no event shall such deposit be less than $25. Upon depositing this sum the defendant shall be released from custody subject to the condition that he appear to answer the charge in the court having jurisdiction on a day certain and thereafter as ordered by the court until discharged or final order of the court. * * * When conditions of the release agreement have been performed and the defendant has been discharged from all obligations in the cause, the clerk of the court shall return to the accused, unless the court orders otherwise, 90 percent of the sum which has been deposited and shall retain as security release costs 10 percent of the amount deposited. * * * At the request of the defendant the court may order whatever amount is repayable to defendant from such security amount to be paid to defendant's attorney of record."

of the court shall return to the accused, *unless the court orders otherwise,* 90 percent of the sum which has been deposited and shall retain as security release costs 10 percent of the amount deposited." (Emphasis supplied.)

The emphasized phrase recognizes the authority of the court to withhold a return of a portion of the deposit. The Supreme Court held under an earlier statute that bail is to be regarded as belonging to the defendant and that it may be withheld for the payment of costs, *Rosentreter v. Clackamas County,* 127 Or 531, 534, 273 P 326 (1928). The history of the present statute indicates that the payment of costs and attorney fees remained within legislative intent.[2] *See also In re Miller,* 287 Or 621, 601 P2d 789 (1979).

Defendant acknowledges these principles, but argues that the order was unfair. Defendant informed the trial court that only $150 of the deposit was his own, that his mother had borrowed $500 and that friends had provided the remainder. He argues that the effect of the forfeiture is to penalize his mother and friends. They had raised money for him to obtain his temporary freedom, but not for him to obtain a lawyer. We hold that because it was lawful for the court to regard the deposit as defendant's and available to satisfy defendant's obligations under the judgment, it was within the court's discretion to withhold its return for payment of defendant's obligations under the judgment.

Affirmed.

---

[2] *See* Testimony: Minutes of Subcomm. No. 2 of the Criminal Law Revision Comm'n 15 (July 26, 1972). The minutes record the following exchange between Melinda Woodward of the Corrections Division, and Bert Gustafson, Research Counsel on the Commission's staff:

"Ms. Woodward referred to the fourth sentence in subsection (2) wherein 90% of the deposited sum shall be returned to the defendant 'unless the court orders otherwise.' She asked the reason for this escape clause. Mr. Gustafson replied that this could provide for any fine imposed or it could be used to pay the attorney's fee."

And *see* W. Snouffer, *An Article of Faith Abolishes Bail in Oregon,* 53 Or L Rev 273, 314-15 (1974).