Argued and submitted May 13, affirmed June 29, 1981

## STATE OF OREGON,
### *Respondent,*
*v.*
## DARREL WAYNE KIPP,
### *Appellant.*

(No. 8099, CA 19898)

630 P2d 394

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Virginia L. Linder, Assistant Attorney General, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

In this appeal from convictions for robbery in the third degree, theft in the first degree, and assault in the fourth degree, we discuss only defendant's claim that the court erred in setting certain conditions of defendant's parole.

The judgment order states:

"* * * * *.

"As a condition of parole:

"1)   The defendant will reimburse Umatilla County for Court-appointed attorney's fees in the amount of $429.00, payable through the Umatilla County Clerk.

"2)   The defendant will make restitution to the victim, Cayo Vela, c/o Cunningham Sheep Ranch Company, Star Route, Box 1, Pilot Rock, Oregon, in the amount of $298.55, payable through the Umatilla County Clerk.

"3)   The defendant will make payments in the amount of $25.00 per month to begin thirty (30) days after release from the Oregon State Corrections Division, payable through the Umatilla County Clerk.

"* * * * *."

Defendant does not challenge the court's authority, pursuant to ORS 137.106, to require defendant to make restitution to the victim. Neither does defendant challenge the court's authority, pursuant to ORS 161.665,[1] to impose

---

[1] ORS 161.665 provides:

"(1) The court may require a convicted defendant to pay costs.

"(2) Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law.

"(3) The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

"(4) A defendant who has been sentenced to pay costs and who is not in contumacious default in the payment thereof may at any time petition the court which sentenced him for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or his immediate family, the court may remit all or part of the amount due in costs, or modify the method of payment under ORS 161.675."

costs, including attorney fees, as part of the sentence. However, defendant argues the court could not set those requirements "as conditions for parole."

ORS 144.275 provides:

"Whenever the State Board of Parole orders the release on parole of an inmate who has been sentenced to make restitution pursuant to ORS 137.106, but with respect to whom payment of all or a portion of the restitution was suspended until his release from imprisonment, the board shall establish a schedule by which payment of the restitution may be resumed. In fixing the schedule and supervising the paroled inmate's performance thereunder the board shall consider the factors specified in subsection (2) of ORS 137.106. The board shall provide to the sentencing court a copy of the schedule and any modifications thereof."

ORS 137.106 provides:

"(1)   When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order the defendant to make restitution to the victim.

"(2)   In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a)   The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b)   The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; and

"(c)   The rehabilitative effect on the defendant of the payment of restitution and the method of payment.

"(3)   If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow him to be heard on such issue."

■■   Defendant is correct that the court cannot make the payment of restitution and costs a condition of parole. However, because the court may order restitution and payment of costs, we interpret this judgment order to suspend payment until defendant is paroled. The statutes place the responsibility for deciding the manner of payments with the Parole Board; because the Board will establish a schedule for payment of the restitution, if and when

defendant is paroled, we interpret that portion of the order requiring defendant to pay $25 per month as a condition of his parole to be a recommendation by the court which is not binding on the Parole Board.

Affirmed.