Argued and submitted July 10, affirmed in part;
remanded for resentencing November 16, 1981

STATE OF OREGON,
*Respondent,*
*v.*
ANTHONY JOE SECRETO,
*Appellant.*

(No. 10-80-09714, CA A20184)

636 P2d 438

Ernest E. Estes, Deputy Public Defender, Salem, argued
the cause for appellant. With him on the brief was Gary D.
Babcock, Public Defender, Salem.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant appeals his conviction of assault in the second degree and the ensuing sentencing order. He assigns three errors; we consider only the third, relating to the propriety of the sentencing order.

■      That order, insofar as relevant to the issue raised, provides:

"IT IS HEREBY ORDERED that defendant is sentenced to pay court costs herein in the amount of $1,340.66, and

"* * * * *

"IT IS FURTHER ORDERED that the payment of the court costs ordered herein to the best of his ability at the rate of $50 per month is to be made a condition of any parole granted to defendant herein."

It is clear from the foregoing order that the court did not require the payment of court costs as a condition of parole; rather, defendant is sentenced to pay those costs, but not until his release from imprisonment, which the court assumed would be on parole. The effect of the order is to impose the sentence, but to suspend it until defendant's release from imprisonment. The court was entitled to do that, but was not entitled to determine that as a condition of parole he pay $50 per month on those costs. Conditions of parole are to be determined by the Parole Board. ORS 144.275.

■      The sentencing order, however, is faulty in that, having sentenced defendant to pay costs, it does not comply with ORS 161.675, which we held in *State v. Calderilla,* 34 Or App 1007, 580 P2d 578 (1978), requires that an order imposing restitution must specify the time, place and manner of payment in sufficient detail that a defendant will know when he is in default; where a defendant is sentenced to a term of imprisonment, the terms of payment cannot encompass the period of imprisonment unless there is an express finding that defendant has sufficient assets to pay the obligation imposed.

The fact that the Parole Board may set the terms of payment under ORS 144.275 does not completely cure the problem. As we said in *State v. Ewing,* 36 Or App 573, 585 P2d 34 (1978):

"The only effect of this statute is to empower the Board of Parole to establish for parolees a schedule for payment of restitution. Presumably, in such cases the Board's order may modify the schedule of payment specified in the original order of the sentencing court. The statute, however, does not relieve the trial court of the responsibility under ORS 161.675(1) to enter a correct initial order, particularly in light of the fact that at this time it is speculative whether defendant will ever become a parolee." 36 Or App at 575-76.

This case is remanded to correct that part of the sentencing order requiring defendant to pay costs. If the trial court intends to impose that requirement as a part of defendant's sentence, it must comply with ORS 161.675(1).

Affirmed in part; remanded for resentencing.