Argued and submitted March 29, conviction affirmed; restitution order vacated;
remanded for reconsideration of restitution May 17, 1989

STATE OF OREGON,
*Respondent,*

*v.*

GLEN ALVA WILCHER,
*Appellant.*

(88-01-30514; CA A48383)

773 P2d 803

Mary M. Reese, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued

the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant was convicted of unauthorized use of a vehicle, ORS 164.135, after a trial to the court on stipulated facts. On appeal, he assigns as error the imposition of restitution as a part of his sentence.[1]

■　　The judgment requires defendant to pay "restitution totalling $1,247.57—payment schedule to be determined by Parole Board." He contends, first, that the trial court had no authority to delegate the setting of the payment schedule to the Board of Parole. We agree. ORS 161.675(1) provides, in pertinent part:

> "When a defendant, as part of a sentence or as condition of probation or suspension of sentence, is required to pay a sum of money for any purpose, the court may order payment to be made forthwith or within a specified period of time or in specified installments."

The trial court did none of those things. The statute requires that a restitution order be "sufficiently specific that the defendant knows what is required of him, *and when it is required,* so that he will know when he is in default." *State v. Calderilla,* 34 Or App 1007, 1010, 580 P2d 578 (1978). (Emphasis supplied.) This order does not tell defendant when the restitution must be paid.

In *State v. Ewing,* 36 Or App 573, 585 P2d 34 (1978), we held that the trial court has a responsibility under ORS 161.675(1) to specify a payment schedule in its original restitution order, even though the Board of Parole may modify it later under ORS 144.275. The state argues that *Ewing* no longer controls, because ORS 161.675(3) was amended in 1985 to authorize the court to delegate establishment of a repayment schedule to a probation officer. The state suggests that, "[b]y analogy, the court may delegate such a duty to another appropriate body, such as the Board of Parole." That argument is flawed in two major ways. ORS 161.675(3) applies only "when a defendant is placed on probation or imposition or execution of sentence is suspended," but in this case defendant was imprisoned. Moreover, the legislature's specific

---

[1] The court also sentenced defendant to five years' imprisonment.

inclusion of probation officers impliedly excludes other persons not mentioned. In short, ORS 161.675(3) neither undercuts the rationale of *Ewing* nor detracts from the plain directive of ORS 161.675(1). We remand for the trial court to set a payment schedule.

■ ■     Defendant also makes several arguments regarding the amount of restitution ordered. Restitution is proper when there is (1) criminal activity, (2) pecuniary damage and (3) a causal relationship between the two. ORS 137.106(1); ORS 137.103; *State v. Dillon,* 292 Or 172, 181, 637 P2d 602 (1981). Defendant concedes that there was criminal activity but argues that the second and third prerequisites were not met. After reviewing the record, we disagree with defendant except in one respect. The award of $1,247.57 included a payment of $775.02 by the victim's insurer "for the damage/loss to our insured's property caused by * * * defendant" plus $50 that the victim contributed as a deductible on the claim. The damage and loss were further described as damage to the car, towing and storage fees, and replacement of personal property that was in the car when it was stolen. The remaining $422.55 is listed only as a "supplemental claim" without further explanation. The supplemental claim can be part of the restitution award only if it was causally related to defendant's criminal activities. On remand, the trial court must make that determination. *See State v. Hazlitt,* 77 Or App 344, 349, 713 P2d 617 (1986).

Conviction affirmed; restitution order vacated; remanded for reconsideration of restitution.