Argued and submitted June 27, remanded for resentencing; otherwise affirmed
September 12, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# RAY WILLIAM EDWARDS,
*Appellant.*

(88-CR-2020; CA A51227)

# STATE OF OREGON,
*Respondent,*

*v.*

# RAY WILLIAM EDWARDS,
*Appellant.*

(88-CR-2040; CA A51228)
(Cases Consolidated for Opinion)

797 P2d 402

Irene B. Taylor, Salem, argued the cause for appellant.

With her on the briefs was Sally L. Avera, Public Defender, Salem.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Edmonds, Presiding Judge, and Riggs and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

In case number A51227, defendant appeals his convictions for rape in the third degree, ORS 163.355, and tampering with a witness. ORS 162.285. In case number A51228, he appeals his conviction for tampering with a witness with a firearm. ORS 162.285; ORS 161.610.[1] We affirm the convictions and remand for resentencing.

■ The court sentenced defendant to imprisonment for each of the convictions. He assigns as error in each case the portion of each sentence that orders "that upon release the defendant have no contact with the victims in this case,"[2] arguing that the court had no authority to make such an order. The state responds that we should refuse to consider the errors, because defendant did not object to the sentences below.

In *State v. Braughton,* 28 Or App 891, 893 n 2, 561 P2d 1040 (1977), we stated:

> "Where * * * it is alleged that a sentencing court has exceeded its statutory authority in imposing a specific sentence, an objection below is not a prerequisite to the challenging of the sentencing order alleged to be void." (Citations omitted.)

We will consider that assignment of error.

■ A court's sentencing authority "exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized." *State v. Braughton, supra,* 28 Or App at 893 n 2. ORS 137.010(7) provides:

> "When a person is convicted of an offense and the court does not suspend the imposition or execution of sentence or when a suspended sentence or probation is revoked, the court shall impose the following sentence:
>
> "(a)  A term of imprisonment;
>
> "(b)  A fine;
>
> "(c)  Both imprisonment and a fine; or
>
> "(d)  Discharge of the defendant."

---

[1] We consolidate the two cases for opinion.

[2] Defendant's other assignments of error are without merit.

A trial court has no authority to impose conditions of parole, including the one imposed here. *State v. Kipp,* 52 Or App 1011, 630 P2d 394 (1981). The state urges us to construe the court's orders precluding contact with the victims as recommendations to the parole board for a special condition of parole. We decline to do that. On remand, the court may, if it deems it appropriate, make an express recommendation to the parole board for a special condition of parole.

Remanded for resentencing; otherwise affirmed.