Argued and submitted June 27, affirmed October 10, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# LOWELL GAINES,
*Appellant.*

## (89-Cr-0185-ST; CA A61629)

798 P2d 730

Sally L. Avera, Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were David B. Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Edmonds, Presiding Judge, and Riggs and Newman, Judges.

PER CURIAM

Edmonds, J., concurring.

## PER CURIAM

Defendant appeals a judgment of conviction of burglary in the first degree, ORS 164.225, and theft in the first degree. ORS 164.055. The judgment provides, in part:

"As a condition of parole, the defendant is hereby ORDERED to make restitution * * *."

Defendant assigns as error that the court ordered restitution as a condition of parole. We affirm.

██ ██ Defendant argues that the court lacks authority to impose restitution as a condition of parole rather than as part of the sentence. The state responds that defendant waived his right to object to the imposition of restitution, because he failed to object at the sentencing hearing. We may, however, consider an error not preserved below, if it is apparent on the face of the record. ORAP 5.45(2). We will do so here. *See State v. Vasby,* 101 Or App 1, 788 P2d 1024 (1990); *State v. Carpenter,* 101 Or App 489, 791 P2d 145, *rev den* 310 Or 393 (1990).

██ A sentencing court has no authority to order a defendant to pay restitution as a condition of parole, *State v. Kipp,* 52 Or App 1011, 1014, 630 P2d 394 (1981), and it should not. The court, however, has authority to impose a sentence to pay restitution. ORS 137.106. We interpret the judgment in this case as sentencing defendant to pay restitution but suspending payment until he is paroled. *State v. Kipp, supra.*

Affirmed.

**EDMONDS, J.,** concurring.

The majority states:

"The state responds that defendant waived his right to object to the imposition of restitution because he failed to object at the sentencing hearing. We may, however, consider an error not preserved below, if it is apparent on the face of the record. ORAP 5.45(2). We will do so here." 103 Or App at 647.

In *State v. Carpenter,* 101 Or App 489, 791 P2d 145, *rev den* 310 Or 393 (1990), we relied on a line of cases, including *State v. Keys,* 41 Or App 379, 597 P2d 1266 (1979), and held that, by failing to exercise a statutory right to be heard, the defendant waived his right to challenge on appeal an order

that required him to pay restitution at a rate to be determined by his parole officer. Although that order was an error apparent on the record, we declined to review it because, under all the circumstances, including the defendant's waiver of a statutory right to be heard, the ends of justice did not require review.

This case is similar to *Carpenter*. Defendant was ordered to make restitution as a condition of parole. He did not voice an objection to the order. The majority finds error apparent on the face of the record. However, the majority reaches a different result than in *Carpenter*. I agree with the majority's result because, in contrast to *Carpenter,* this case concerns an order that the trial court had no authority to enter.

ORS 137.106(3) provides:

"If the defendant objects to the *imposition, amount or distribution of the restitution,* the court shall at the time of sentencing allow the defendant to be heard on such issue." (Emphasis supplied.)

In *Carpenter,* the defendant had available a specific statutory remedy under ORS 137.106(3), because the trial court's judgment deprived him of his right to be heard as to the rate of payment, *i.e.,* the "amount" of restitution. His failure to exercise that remedy was a controlling factor in determining that the "ends of justice" did not require our consideration of the erroneous exercise of the court's authority to impose an amount of restitution.

In contrast, defendant's assignment of error does not directly implicate the "imposition, amount or distribution of the restitution." Rather, it concerns an order of restitution imposed as a condition of parole. The trial court was *without authority* to establish any condition of parole. ORS 144.275; *State v. Kipp,* 52 Or App 1011, 1014, 630 P2d 394 (1981). Under these circumstances, it is appropriate to consider the error as an error apparent on the face of the record.