Argued and submitted March 5, affirmed December 2, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# LAWRENCE WILLIAM DAVIS,
*Appellant.*

## (86CR0241; CA A70732)

843 P2d 460

Neil W. Jackson, Portland, argued the cause for appellant. With him on the brief was Jackson & Vause, P.C., Portland.

Janie M. Burcart, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Defendant was originally convicted in 1986 of racketeering and failure to appear. ORS 166.720; ORS 162.205. He was sentenced to 10 years in prison on the racketeering charge. By stipulation, restitution to the victims of the racketeering activities was imposed as part of the sentence on the failure to appear charge. On that charge, the court suspended sentence, imposed five years probation and required defendant to pay restitution of $59,449.50, attorney fees of $2,100 and a $50 penalty assessment. Defendant was found to be in violation of his probation at a hearing on May 1, 1991. The trial court imposed the suspended sentence of five years with a two and one-half year minimum and ordered that defendant, as a condition of his parole, pay the remaining restitution of $37,902.50 within five years after his release from the penitentiary. The trial court also ordered that defendant's $5,000 security deposit be applied to the restitution balance. Defendant moved for release of the security and reconsideration of sentencing. The trial court denied the motion.

■ ■ In his first two assignments of error, defendant challenges the trial court's order of restitution as a condition of his parole and the requirement that he pay it within five years of his release from incarceration.[1] We agree that the trial court was without authority to order restitution as a condition of parole. *State v. Kipp*, 52 Or App 1011, 1014, 630 P2d 394 (1981). However, we interpret the judgment to order defendant to pay restitution as part of his sentence but to suspend payment until he is paroled. ORS 137.106; *see State v. Gaines, supra* n 1, 103 Or App at 647. A trial court has authority to order that payment of restitution be made within a specified time and to delegate the setting of the payment schedule to the parole officer, which it did here. ORS 161.675(1); *State v. Wilcher*, 96 Or App 603, 773 P2d 803 (1989).

■ Defendant also assigns error to the trial court's order withholding his security deposit and applying it to the restitution obligation. He acknowledges that a trial court may

[1] Defendant does not contest the amount of restitution imposed. We reach this assignment of error, despite his failure to preserve it below, because it is apparent on the face of the record. *State v. Gaines*, 103 Or App 646, 647, 798 P2d 730 (1990).

withhold the deposit to pay costs. *See State v. Grant*, 44 Or App 671, 673, 606 P2d 1166 (1980). However, he contends that the court was without authority to do that here, because the money was deposited by another person and because it was applied to satisfy his restitution obligation, not costs. We are not aware of any requirement that money deposited as security by a third party be treated any differently than if it were deposited by the defendant. *State v. Grant, supra*, 44 Or App at 674; *see also Rosentreter v. Clackamas County*, 127 Or 531, 534, 273 P 326 (1928).

■ A court has broad discretion to retain some or all of a security deposit. Even a defendant who has performed all of the conditions of his release agreement and has satisfied all obligations in the cause is still not necessarily entitled to the return of his security deposit after release costs. ORS 135.265(2).[2] We have held that a trial court may lawfully withhold a defendant's security deposit to satisfy "obligations under the judgment." *State v. Grant, supra*, 44 Or App at 674. In this case, restitution was one of defendant's obligations. We conclude that the trial court did not abuse its discretion in ordering that defendant's security deposit be withheld to satisfy that obligation.

■ Finally, defendant argues that the trial court lacked authority to order him to pay the remainder of the restitution obligation, because it was discharged in a September, 1990, chapter 7 bankruptcy. In *Kelly v. Robinson*, 479 US 36, 50, 107 S Ct 353, 93 L Ed 2d 216 (1986), the Supreme Court held that a chapter 7 discharge in bankruptcy does not discharge restitution imposed as part of a criminal sentence. Therefore, defendant's restitution obligation was not discharged.

Affirmed.

---

[2] ORS 135.265(2) provides, in part:

"When conditions of the release agreement have been performed and the defendant has been discharged from all obligations in the cause, the clerk of the court shall return to the person shown by the receipt to have made the deposit, unless the court orders otherwise, 85 percent of the sum which has been deposited and shall retain as security release costs 15 percent * * *."