Argued and submitted August 31, affirmed October 25, 1995

STATE OF OREGON,
*Respondent,*

*v.*

PHILLIP JOHN SPRANG, III,
*Appellant.*

(93050884; CA A83827)

904 P2d 1092

Eric Johansen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Stephanie S. Andrus, Assistant Attorney General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Defendant, a building contractor, was convicted on three counts of aggravated theft in the first degree, ORS 164.057, for misappropriating money he had received to perform work on the residences of three victims. As part of his sentence, the trial court ordered that he make restitution to the victims. ORS 137.106. Defendant assigns error to that ruling, claiming that a preconviction discharge in bankruptcy of his civil debt to the victims bars the restitution order.

In *State v. Davis*, 116 Or App 607, 610, 843 P2d 460 (1992), we applied *Kelly v. Robinson*, 479 US 36, 50, 107 S Ct 353, 93 L Ed 2d 216 (1986), to hold that a chapter 7 discharge in bankruptcy does not discharge the obligation to make restitution that is imposed as part of a criminal sentence.[1] It is not relevant whether the discharge in bankruptcy occurred after the restitution order, as in *Kelly*, or before the restitution order, as in *Davis*. *See State v. Moriarty*, 87 Or App 465, 470, 742 P2d 704, *rev den* 304 Or 547 (1987) (statute does not require that civil damages be recoverable at the time restitution is imposed).

Affirmed.

---

[1] Defendant does not specify the chapter under which he filed for bankruptcy. In *Kelly,* the United States Supreme Court held that restitution ordered by a state criminal court falls within the exceptions to chapter 7 discharge specified at 11 USC § 523(a)(7). 479 US at 53. Subsequently, the Criminal Victims Protection Act of 1990, Pub L 101-581, 104 Stat 2865, prevented the discharge of a restitution order under chapter 13 of the bankruptcy code. 11 USC § 1328(a).