**In re James W. JEFFRIES, Debtor.**

**James W. JEFFRIES, Plaintiff,**

**v.**

**BAR J. FOREST PRODUCTS, INC. and Claud Ingram, Defendants.**

**In re Samuel S. JEFFRIES, Debtor.**

**Samuel S. JEFFRIES, Plaintiff,**

**v.**

**BAR J. FOREST PRODUCTS, INC. and Claud Ingram, Defendants.**

Bankruptcy Nos. 692–65238–fra7, 692–65237–fra7.
Adv. Nos. 95–6037–fra, 95–6036–fra.

United States Bankruptcy Court,
D. Oregon.

Nov. 15, 1995.

Bruce H. Orr, Portland, OR, for Plaintiffs/Debtors.

Claud A. Ingram, Jr., Eugene, OR, for Defendants.

## MEMORANDUM OPINION

FRANK R. ALLEY, III, Bankruptcy Judge.

The Court is confronted with motions for summary judgment filed by both plaintiffs in the above cases and by defendants. For the reasons that follow, both parties' motions will be denied and the adversary proceedings dismissed.

*Facts*

A brief summary of the facts of these cases is as follows:

1.  On 12/11/92, Samuel and James Jeffries filed Chapter 11 petitions in Bankruptcy Court.

2.  On 5/3/93 a hearing was held, after which the two bankruptcies were converted to Chapter 7.

3.  On 4/16/94, the Bankruptcy Court granted Samuel Jeffries' discharge.

4.  On 12/13/94, Bar J. Forest Products ("Bar J") filed a lawsuit in Douglas County Circuit Court against Michael, Mary Ann, James, and Samuel Jeffries and Bill Mignot for replevin and for monetary damages. In answer, James and Samuel answered by affirmative defense on 2/3/95 that the plaintiff is enjoined by 11 U.S.C. § 362 and/or § 524 from pursuing the action against those two defendants.

5.  On 2/17/95, Samuel and James each filed adversary proceedings in Bankruptcy Court against Bar J and Bar J's attorney, Claud Ingram, alleging that Bar J's state court action is enjoined pursuant to 11 U.S.C. § 362 and/or § 524. The complaint asks for monetary damages and injunctive relief. Bar J answered with various affirmative defenses and asked for sanctions.

6.  On 3/9/95, the plaintiff in the state court action (Bar J) filed an amended complaint to the effect that all actions by the defendants (Jeffries et al.) which are the subject of the Douglas County Circuit Court complaint occurred between May 5, 1993 and December 1, 1994. The motion to file the amended complaint was objected to by the defendants in that action.

7.  On 3/17/95, the Bankruptcy Court granted James Jeffries' discharge.

*Discussion*

1.  Jurisdiction generally

█ Jurisdiction over a civil suit which arises under title 11 of the U.S. Code or arises in or is related to a bankruptcy case under title 11 is concurrent between state and federal courts under 28 U.S.C. § 1334.

Relevant portions of that statute are as follows:

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original *but not exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. [emphasis added].
>
> (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under title 11.

██ While there may be a split of authority as to whether state courts have jurisdiction to determine applicability of the automatic stay, this court finds that the state courts have concurrent jurisdiction with bankruptcy courts to determine applicability of the automatic stay under 11 U.S.C. § 362.[1] *See, In re Mann*, 88 B.R. 427, 430 (Bankr.S.D.Florida 1988), *Commonwealth of Pennsylvania v. Ingram, et al.*, 658 A.2d 435, 437 (Pa.Cmwlth.1995). State courts also have jurisdiction to determine whether certain debts or causes of action have been discharged in bankruptcy under 11 U.S.C. § 524. *See, e.g., John Deere Co. v. Epstein*, 91 Or.App. 195, 755 P.2d 711 (1988), *State of Oregon v. Davis*, 116 Or.App. 607, 843 P.2d 460 (1992), *State of Oregon v. Sprang*, 137 Or.App. 418, 904 P.2d 1092 (1995).

██ When a civil action related to a bankruptcy case is commenced in state court in which concurrent jurisdiction exists with the federal court, the defendant in that action may file a notice of removal with the federal district court. 28 U.S.C. § 1452. In Oregon, the notice of removal is automatically referred to the bankruptcy court by the federal district court pursuant to standing orders issued under 28 U.S.C. § 157(a). Until a notice of removal is filed, however, jurisdiction over the matter rests with the state court and does not attach to the federal

court. 9 *Collier on Bankruptcy* ¶ 9027.07 (15th ed. 1995). *See also, United States ex rel. Walker v. Gunn*, 511 F.2d 1024 (9th Cir.1975), *cert. denied*, 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed.2d 72 (1975) (in the context of the criminal removal statute, an untimely petition leaves the federal court without jurisdiction to decide the merits). Fed. R.Bankr.P. 9027 governs removal in the bankruptcy context and reads in relevant part as follows:

> Rule 9027.   Removal
>
> (a) Notice of Removal
>
> .    .    .    .    .
>
> (3) Time for Filing; Civil Action Initiated After Commencement of the Case Under the Code. If a case under the Code is pending when a claim or cause of action is asserted in another court, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

**2. Jurisdiction in this case**

██ In the case at bar, Defendant Bar J filed its state court civil action against the Plaintiffs in Douglas County Circuit Court. Plaintiffs filed as an affirmative defense to the Defendant's complaint that the Defendant is precluded from prosecuting the action in state court by 11 U.S.C. § 362 and/or 524. At that point the state court had jurisdiction over the matter pursuant to 28 U.S.C. § 1334 and could decide both the substantive issues raised in the complaint and the merits of Plaintiffs' affirmative defenses. Moreover, the state court is empowered to decide any other issue arising under the Bankruptcy Code implicated by the facts of the case. This includes the damage claim made in this case.

---

**1.** Some courts have held that bankruptcy courts alone have exclusive jurisdiction to determine applicability of the stay. *See, e.g., In re Raboin*, 135 B.R. 682, 684 (Bankr.D.Kan.1991), *Sermersheim v. Sermersheim*, 97 B.R. 885, 888 (Bankr. N.D.Ohio 1989).

Had Plaintiffs desired to have the matter heard in Bankruptcy Court, they were free to file a notice of removal pursuant to Fed.R.Bankr.P. 9027. Jurisdiction over the matter then would have attached to the federal court. They did not do so. Instead, they filed adversary proceedings, based on their state court affirmative defenses, in Bankruptcy Court on 2/17/95, well after the time allowed for filing a notice of removal. The federal court must decide the same issues in the adversary proceedings as the state court would in the state action; namely, are the claims asserted in the Defendant's state court action barred from prosecution by 11 U.S.C. § 362 and/or 524. Plaintiffs chose their forum by failing to file a notice of removal and asserting affirmative defenses in state court relying on 11 U.S.C. § 362 and/or 524. The Bankruptcy Court does not have jurisdiction to hear the matter.

### Conclusion

The Bankruptcy Court lacks jurisdiction over the matters raised in Plaintiffs' complaints as jurisdiction still rests with the Douglas County Circuit Court. For that reason and under the authority of 11 U.S.C. § 105(a), both motions for summary judgment in each adversary proceeding are denied and both proceedings are dismissed with neither party taking anything thereby.

An order consistent herewith will be entered.