Argued and submitted January 31, affirmed March 27, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES DANIEL KNUPP,
*Appellant.*

(C94-07-34394; CA A87645)

914 P2d 33

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant was convicted of third-degree robbery after a jury trial. ORS 164.405(1). On appeal, he assigns error to the trial court's imposition of a compensatory fine as a condition of post-prison supervision. We affirm.

The trial court sentenced defendant to a 12-month prison term and a 24-month term of post-prison supervision. It also imposed a $1,000 compensatory fine as a condition of his post-prison supervision. Defendant's counsel objected to the imposition of the fine as a condition of post-prison supervision, arguing that the court's authority was limited to recommending that the fine be a condition. The court, however, imposed the fine and ordered defendant to pay it as "a condition of his parole"[1] and provided that the "payment schedule * * * be set by [the] parole officer."

■ On appeal, defendant argues that the trial court exceeded its authority in ordering the payment of the fine as a condition of post-prison supervision and that, accordingly, that the part of the sentence imposing the condition should be vacated.

Defendant relies on a number of cases, including *State v. Dusenberry*, 130 Or App 205, 880 P2d 515 (1995); *State v. Dodson*, 111 Or App 643, 825 P2d 662 (1992); *State v. Potter*, 108 Or App 480, 816 P2d 661 (1991), and *State v. Edwards*, 103 Or App 410, 797 P2d 402 (1990), for the proposition that a sentencing court lacks authority to impose conditions of parole. Those cases, however, are distinguishable because, here, in contrast to the cases relied on by defendant, the condition imposed involves a monetary penalty. Under ORS 161.675(1) (1993), when a sentencing court imposes both a prison sentence and a monetary penalty, the sentencing court has the authority to specify when the payment is to be made:

"When a defendant, as part of a sentence * * *, is required to pay a sum of money for any purpose, the court

---

[1] Defendant's conviction is based on a crime committed after November 1, 1989. Accordingly, it is subject to the sentencing guidelines and post-prison supervision is the proper label.

may order payment to be made forthwith or within a specified period of time or in specified installments. If a defendant is sentenced to a term of imprisonment, any part of the sentence that requires the payment of a sum of money shall not be enforceable during the period of imprisonment unless the court expressly finds that the defendant has assets to pay all or part of the amounts ordered at the time of sentencing."

We have held that under ORS 161.675(1) (1993), the sentencing court has the authority, in fact the responsibility, as part of its imposition of sentence, if a monetary penalty is imposed, to set a payment schedule, even though it may later be modified by the Board of Parole. *State v. Wilcher*, 96 Or App 603, 773 P2d 803 (1989). Technically, here, the trial court should not have imposed the fine as a condition of post-prison supervision. *State v. Davis*, 116 Or App 607, 843 P2d 460 (1992). However, as we did in *Davis*, we interpret the judgment to order defendant to pay the fine as part of his sentence, but to suspend payment until he is released on post-prison supervision.

Affirmed.