Argued and submitted October 31, conviction affirmed; remanded for resentencing
November 27, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## DANIEL JOHN LARSON,
*Appellant.*

(CR95-00255; CA A90221)

927 P2d 1117

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Judith Brant, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P.J.

**DEITS, P. J.**

■    Defendant appeals his sentence for burglary in the first degree, arguing that the trial court erred in sentencing him under ORS 137.635. We agree. Defendant's predicate convictions, on which the application of ORS 137.635 was based, were not entered at the time that he committed the crime for which he was being sentenced. Accordingly, the case must be remanded for resentencing. *State v. Allison*, 143 Or App 241, 923 P2d 1224 (1996).

■    Defendant also assigns error to certain conditions of post-prison supervision imposed by the sentencing court. The judgment provides that defendant is to pay restitution "as a condition of post-prison supervision." It also provides that the money judgments imposed against defendant, including attorney fees and assessments, are "payable as a condition of post-prison supervision." Defendant argues that the trial court exceeded its sentencing authority in imposing these requirements as conditions of post-prison supervision.

In our decision in *State v. Knupp*, 140 Or App 10, 914 P2d 33 (1996), we considered whether the trial court exceeded its sentencing authority in imposing a compensatory fine as a condition of post-prison supervision. We concluded that imposition of the fine was within the court's authority, although technically it should not have been imposed as a condition of post-prison supervision. *Id.* at 13. Accordingly, we interpreted the judgment to order defendant to pay the fine as part of his sentence, but to suspend payment until the defendant is released on post-prison supervision.

Similarly, here, although technically the court should not have imposed the monetary obligations as conditions of post-prison supervision, we interpret the judgment to order defendant to pay the obligations as part of his sentence, but to suspend payment until he is released on post-prison supervision.

Conviction affirmed; remanded for resentencing.