PER CURIAM
*98 *464 Defendant appeals a judgment convicting her of misdemeanor fourth-degree assault, ORS 163.160, and imposing a sentence that included a jail term of 60 days and an order prohibiting contact with the victim. The judgment orders defendant to "[h]ave no direct, indirect, or third party contact with the victim, * * * or with the victim's family members," and prohibits her from "enter[ing] onto the victim's premises unless authorized in writing by the Court." Defendant assigns error to that order, arguing that the trial court plainly erred because it lacked authority to include the order as part of her sentence. The state's arguments in response-that defendant invited any error, that it was not plain error, and that, if it was plain error, we should decline to review it-are all predicated on the view that defendant encouraged or agreed to inclusion of the order in the judgment. Having reviewed the record, we disagree with the state's premise. We conclude that the trial court plainly erred, and we remand for entry of a judgment omitting the no-contact provisions.
"A court's sentencing authority exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized." State v. Edwards , 103 Or. App. 410, 412, 797 P.2d 402 (1990) (internal quotation marks omitted). We have held that a trial court plainly erred by imposing, as part of the judgment in a criminal case, an unauthorized no-contact order, and we have exercised our discretion to correct the error. See State v. Hall , 282 Or. App. 9, 11, 385 P.3d 1225 (2016), rev. den. , 360 Or. 752, 388 P.3d 725 (2017) (trial court plainly erred by imposing a no-contact provision in a judgment imposing a sentence of incarceration); State v. Rubio/Galligan , 248 Or. App. 130, 139, 273 P.3d 238, rev. den. , 352 Or. 107, 284 P.3d 485 (2012) (trial court plainly erred by including no-contact provisions in judgments); Edwards , 103 Or. App. at 412, 797 P.2d 402 (trial court plainly erred by imposing an order prohibiting contact with victims after the defendant's release from prison). The trial court plainly erred by imposing the challenged no-contact order here, and we exercise our discretion to correct the error for the reasons expressed in Hall , 282 Or. App. at 11, 385 P.3d 1225.
*465 We turn to the appropriate disposition. Defendant requests that we reverse the portion of the judgment that contains the no-contact order and remand for entry of a judgment omitting those provisions. The state argues that we should remand for resentencing, "so that the trial court could structure a sentence that would effectuate its intent to protect the victim through a no-contact order, including, potentially, imposing a term of probation." We decline the state's request to remand for resentencing, however, for the same reason we expressed in Rubio/Galligan , 248 Or. App. at 140, 273 P.3d 238 : "Because the only error was the inclusion of terms in the judgments that the trial court had no authority to impose, the appropriate remedy is to remand with instructions to delete the erroneous terms from the judgments."
Remanded for entry of judgment omitting no-contact provisions; otherwise affirmed.