Submitted April 14; remanded for entry of judgment omitting no-contact provision, otherwise affirmed May 19, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW SHANE IRWIN,
*Defendant-Appellant.*

Hood River County Circuit Court
16CR32239; A171436

487 P3d 70

Karen Ostrye, Judge.

Kenneth A. Kreuscher filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Remanded for entry of judgment omitting no-contact provision; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for first-degree assault, ORS 163.185. He assigns error to the trial court's imposition of a no-contact order as a condition of incarceration and the court's instruction to the jury that it could convict by a less than unanimous verdict.

After a jury unanimously found defendant guilty of first-degree assault, the trial court sentenced defendant to 90 months in prison and 36 months of post-prison supervision. It also imposed a condition that he have no direct or indirect contact with the victim or her family. On appeal, defendant contends that the trial court plainly erred by imposing a no-contact provision in a judgment imposing a sentence of incarceration. The state concedes that the trial court plainly erred. *See State v. Coventry*, 290 Or App 463, 464, 415 P3d 97 (2018) (concluding that the trial court plainly erred when it imposed a no-contact order in a judgment imposing a term of incarceration). We agree that the court plainly erred and exercise our discretion to correct the error for the reasons cited in *State v. Hall*, 282 Or App 9, 11, 385 P3d 1225 (2016), *rev den*, 360 Or 752 (2017). Accordingly, we reverse that portion of the judgment and remand with instructions to omit the no-contact provision. *Coventry*, 290 Or App at 465 (specifying that remedy).

Next, defendant contends that the trial court plainly erred in giving the nonunanimous jury instruction and that the court's error constitutes structural error requiring reversal. The state concedes that the trial court's instruction that the verdict need not be unanimous was erroneous under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), but the state contends that the error was harmless because the verdict was unanimous. We agree that the error was harmless. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020) (concluding that nonunanimous jury instruction was not a structural error that categorically requires reversal); *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020) (concluding that an erroneous nonunanimous jury instruction was "harmless beyond a reasonable doubt" when the verdict was unanimous).

Remanded for entry of judgment omitting no-contact provision; otherwise affirmed.