Submitted on record and briefs July 23, affirmed November 17, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID ALFRED KELSEY,
*Appellant.*

(91081748; CA A76078)

863 P2d 475

Sally L. Avera, Public Defender, and Irene B. Taylor, Deputy Public Defender, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Riggs, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant challenges the sentence imposed for his conviction of sexual abuse in the first degree. *Former* ORS 163.425 (amended by Or Laws 1991, ch 810, § 3). He argues, and the state concedes, that the court erred in imposing three special conditions of probation.[1] Defendant, however, failed to preserve each of his assigned errors by objecting to the trial court. In a footnote, and without discussion, the state asserts that defendant's assignments are reviewable because "the challenged probation conditions exceed the court's authority and consequently may be addressed by this court as plain error apparent on the face of the record."

■■ Under ORAP 5.45(2), we have discretionary authority to review unpreserved errors of law apparent on the face of the record. *State v. Farmer*, 317 Or 220, 224, 856 P2d 623 (1993); *State v. Castrejon*, 317 Or 202, 211, 856 P2d 616 (1993); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). However, as the Supreme Court said in *Ailes v. Portland Meadows, Inc., supra,*

"[a] court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error." 312 Or at 382.

The purposes for requiring preservation of error at the trial court level are "to allow the adversary to present its position and to permit the court to understand and correct any error." *State v. Brown*, 310 Or 347, 356, 800 P2d 259 (1990). Had defendant raised his contentions in the trial court, it could

---

[1] Defendant challenges these conditions of probation:

"15. The defendant's person, residence, or any vehicle which he may be operating, or in which he is a passenger, is subject to random routine searches at any time by a probation officer, without prior notice or search warrant, to determine if he is in compliance with the conditions of probation.

"18. The defendant will make a full and complete disclosure of all prior victims.

"19. The defendant shall not frequent or visit places that exist primarily for the enjoyment of children, i.e., circus or fairs, playgrounds, arcades, zoos, childrens' movies, etc. The defendant will have no duties supervising children (such as babysitting) and shall not go to or near schools, playgrounds, or any place where children are usually present. The defendant will not date persons with children of the same sex as the victim in this case. Nor shall the defendant cultivate relationships with females with minor children."

have corrected the alleged errors he now raises on appeal. Therefore, notwithstanding the state's concessions, we decline to exercise our discretion to consider defendant's unpreserved claims of error.

Affirmed.