Argued and submitted February 25, convictions affirmed; remanded for entry of corrected judgment March 23, petition for review denied May 24, 1994 (319 Or 149)

# STATE OF OREGON,
*Respondent,*

*v.*

# RONALD WAYNE BIVENS,
*Appellant.*

## (91CR1989FE; CA A75540)

871 P2d 486

David K. Allen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Diane S. Lefkow, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Defendant was convicted of intentional murder with a firearm and burglary in the first degree with a firearm after he killed his estranged wife, ORS 163.115; ORS 164.225; ORS 161.610. Defendant claimed that he acted in self-defense after she stabbed him.

■　　Defendant assigns error to the admission of statements that he made to a detective in a hospital room. He contends that "[t]he type of warnings contemplated by *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966)," were required because the circumstances were "compelling," and he was in "full custody." He argues that the statements, which were made without warnings, undermined his claim of self-defense. The error, if any, was harmless. The evidence against defendant was overwhelming. Excluding the statements would not likely have changed the outcome of the trial. *See State v. Hansen*, 304 Or 169, 180, 743 P2d 157 (1987).

■　　On the murder conviction, the trial court imposed a life sentence with a 25-year minimum term pursuant to ORS 163.115. Defendant objected, arguing that the sentence should be imposed under the sentencing guidelines. The state concedes that the trial court erred in imposing a life sentence, *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993), but contends that only a corrected judgment, not resentencing is required. We agree that defendant need not be present for the entry of an amended judgment. *See State v. Lyons*, 124 Or App 598, 612 n 16, 863 P2d 1303 (1993). We remand for entry of a corrected judgment deleting the life sentence and imposing post-prison supervision for the remainder of defendant's life under OAR 253-05-004. The 25-year minimum term is lawful.

Convictions affirmed; remanded for entry of corrected judgment.