Argued and submitted March 31, convictions affirmed; remanded for entry of corrected judgment May 25, 1994

STATE OF OREGON,
*Respondent,*

*v.*

KENNETH ALLEN WRIGHT,
*Appellant.*

(93-1028; CA A79579)

875 P2d 1174

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from the sentence imposed after he was convicted of burglary in the first degree and robbery in the first degree. ORS 164.225; ORS 164.415. At sentencing, the trial court imposed a condition of incarceration and stated that it would recommend conditions of post-prison supervision to the Parole Board. The judgment, however, imposes conditions of post-prison supervision and makes no recommendations. Defendant argues that the incarceration and post-prison supervision conditions are error, because they may be imposed only by the Department of Corrections, not by the sentencing court.

Defendant did not object to the conditions. The state agrees that the error is apparent on the face of the record and that defendant is correct that a sentencing court lacks authority to impose conditions of incarceration or post-prison supervision. In *State v. Kelsey*, 124 Or App 446, 863 P2d 475 (1993), we declined to exercise our discretion to review an unpreserved claim of error as to special conditions of probation. However, we reach the errors here. At the sentencing hearing, the court stated that it would *recommend* post-prison conditions to the Board of Parole and Post-Prison Supervision. However, the court's written judgment orders actual conditions and defendant had no opportunity to object. Accordingly, we remand for entry of a corrected judgment. *State v. Bivens*, 127 Or App 83, 871 P2d 486 (1994).

Defendant did not object to the court's imposition of a condition of incarceration at the sentencing hearing. However, the Department of Corrections, not the sentencing court, has the authority to impose conditions of incarceration. Even though the error is not preserved, because we remand for entry of a corrected judgment and the error is apparent on the face of the record, we exercise our discretion to address it. The error should be corrected on remand.

Convictions affirmed; remanded for entry of corrected judgment.