Submitted April 29, reversed and remanded for resentencing, otherwise
affirmed June 9, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANCLE PRICE REED, JR.,
*Defendant-Appellant.*

Lane County Circuit Court
200827479; A141473

237 P3d 826

Peter Gartlan, Chief Defender, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Edmonds, Senior Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals a judgment of conviction for one count of first-degree burglary, ORS 164.225, and one count of first-degree sexual abuse, ORS 163.427. On appeal, he assigns error to the trial court's imposition of a condition of post-prison supervision in the judgment that prohibits him from contacting the victim, her family, or any minor children. We conclude that the court's imposition of that condition constitutes an error of law apparent on the face of the record, ORAP 5.45(1), and, for the reasons that we will explain, exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991), to remedy that error. Accordingly, we reverse and remand for resentencing but otherwise affirm.

The procedural facts are few. Defendant was convicted following a stipulated facts trial. At the sentencing hearing, the prosecutor indicated that the victim's family "would like the Court to *recommend* that as a condition of post prison supervision that the Defendant be prohibited from having any contact with the victim or her family in this matter." (Emphasis added.) Further, the prosecutor noted that he had explained that, "although the Court cannot order that, it can certainly recommend that, and it would likely be contained as a condition of post prison supervision upon his release some years from now."

Notwithstanding the prosecutor's explicit acknowledgment that the court could only recommend, not order, such a no-contact condition, at the conclusion of the hearing, the trial court stated:

"As conditions of post prison supervision, which I will include in the Judgment[,] [t]here will be no contact with the minor child and her family. There will be no contact with any minor children, and you will continue to register as a sex offender once you are released."

Defendant did not object to the trial court's clearly stated intention to include those conditions of post-prison supervision in the judgment.

Ultimately and consistently with its statement at the hearing, the trial court's judgment included the following post-prison supervision condition:

"IT IS FURTHER ORDERED that the following conditions shall apply as part of Post-Prison Supervision:

"* * * * *

"2. Defendant shall have no contact with the victim, * * * her family or any minor children."

(Capitalization in original.)

On appeal, defendant contends that the trial court erred in imposing that condition and that, even if he failed to preserve the error, we should review it as error apparent on the face of the record. The state acknowledges that the trial court erred in imposing the condition and that the error is apparent on the face of the record. However, the state urges us to decline to exercise our discretion to correct the error because (1) the Board of Parole and Post-Prison Supervision (board) "must, by law, impose nearly identical conditions upon defendant when he is released on post-prison supervision" and (2) defendant was alerted at the sentencing hearing of the court's intention to impose the condition in the judgment and could have easily objected so as to prevent the trial court from imposing that condition.

 We emphasize at the outset that, in this case, defendant was fully apprised before the entry of judgment of the trial court's intention to include the disputed condition in the judgment, and yet defendant raised no objection to the court's explicit determination in that regard. That is, this is not an instance in which the appellant was "blindsided" by a term of the judgment to which the appellant had no opportunity to object.[1] Accordingly, given defendant's opportunity, but failure, to raise and preserve the assigned error, we can consider

_____

[1] *See Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) ("Preservation rules are pragmatic as well as prudential. What is required of a party to adequately present a contention to the trial court can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court. In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue." (Citations omitted.)); *State ex rel DHS v. M. A. (A139693)*, 227 Or App 172, 182, 205 P3d 36 (2009) (holding that preservation was not required because, "[u]ntil [the trial court's] order issued, mother had no way of knowing that the

and correct that asserted error only if it constitutes "an error of law apparent on the face of the record," ORAP 5.45(1), and if we affirmatively exercise our discretion under *Ailes*.

> "To constitute plain error, the error must (1) be an error of law, (2) be apparent, meaning the legal point is obvious, not reasonably in dispute, and (3) appear on the face of the record such that we need not go outside the record or choose between competing inferences to find it."

*State v. Ascencio-Galindo*, 220 Or App 600, 602 n 1, 188 P3d 392, *rev den*, 345 Or 175 (2008) (internal quotation marks omitted). Here, as defendant contends, and the state acknowledges, a trial court may recommend conditions of post-prison supervision, but may not order them. *See, e.g.*, *State v. Edwards*, 103 Or App 410, 797 P2d 402 (1990) (reasoning that the trial court lacked authority pursuant to ORS 137.010(7) to impose as a condition of parole that the defendant have no contact with the victims). Thus, the trial court's imposition of the challenged condition in this case was error. Moreover, as defendant contends, and the state acknowledges, the error constitutes plain error.

Thus, our consideration reduces to whether, in these circumstances, we should exercise our discretion under *Ailes* to correct the error. As the Supreme Court stated in *Ailes*,

> "in deciding whether to exercise its discretion to consider an error of law apparent on the face of the record, among the factors that a court may consider are: the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both

---

court would enter a judgment that did not comply with the statute"). *Cf. State v. Wright*, 128 Or App 88, 90, 875 P2d 1174 (1994) (decided before the Supreme Court issued its decision in *Peeples*; exercising discretion to reach unpreserved claim of error concerning trial court's imposition of conditions of post-prison supervision because, even though the court indicated at the sentencing hearing that it would *recommend* conditions of post-prison supervision, "the court's written judgment orders actual conditions and defendant had no opportunity to object").

sides of the issue and given an opportunity to correct any error."

312 Or at 382 n 6.

Although the trial court's error in this case could have easily been avoided had defendant objected when the court stated its intent to impose conditions of post-prison supervision in the judgment,[2] we nonetheless exercise our discretion to correct the error because of its gravity. In urging us to decline to exercise our discretion, the state essentially contends that the trial court's error is not particularly grave because the board is required by ORS 144.102(3)(b) to impose a similar condition such that a remand would yield limited relief. That statute provides, in part:

"If the person is on post-prison supervision following conviction of a sex crime, as defined in ORS 181.594, the board or supervisory authority shall include all of the following as special conditions of the person's post-prison supervision:

"* * * * *

"(B) A prohibition against contacting a person under 18 years of age without the prior written approval of the board, supervisory authority or supervising officer.

"* * * * *

"(G) A prohibition against any contact with the victim, directly or indirectly, unless approved by the victim, the person's treatment provider and the board, supervisory authority or supervising officer."

Although the state is correct that ORS 144.102(3)(b) requires the board to impose a condition similar to the one imposed by the trial court, the court's condition is significantly broader in scope. The statute requires the board to

---

[2] *See State v. Kelsey*, 124 Or App 446, 448-49, 863 P2d 475 (1993) (declining to exercise our discretion to correct unpreserved challenge to the trial court's imposition of three special conditions of probation, notwithstanding the state's concession to the contrary; reasoning that "[t]he purposes for requiring preservation of error at the trial court level are to allow the adversary to present its position and to permit the court to understand and correct any error" and that "[h]ad defendant raised his contentions in the trial court, it could have corrected the alleged errors he now raises on appeal" (internal quotation marks omitted)).

prohibit defendant's contact with minors and the victim without approval. As previously described, *see* 235 Or App at 473, the condition imposed by the trial court prevents *all* contact with minors, the victim, and the victim's family and contains no exception by which defendant could obtain approval to contact them if circumstances were to warrant it.[3] Thus, in light of the significance of that additional restriction, because the burden to correct the error is limited, and because sentencing defendant according to the law serves the ends of justice, we exercise our discretion to correct the error.

In sum, as acknowledged by the state, the trial court erroneously imposed a condition of post-prison supervision in the judgment and that error constituted plain error. Because of the gravity of the error and the minimal burden to correct it and to serve the ends of justice by ensuring that defendant is sentenced according to the law, we exercise our discretion under *Ailes* to correct the error and remand for resentencing.

Reversed and remanded for resentencing; otherwise affirmed.

---

[3] We note that we addressed a similar contention in *State v. Dusenberry*, 130 Or App 205, 206, 880 P2d 515 (1994). In that case, the state conceded that the trial court lacked authority to impose conditions of parole and argued that the defendant was not prejudiced by the condition because the board would likely impose the same condition. *Id.* We rejected the state's argument, vacated the erroneously imposed condition, and remanded for resentencing, noting that "[i]t may be true that the Board of Parole and Post-Prison Supervision would impose the same condition; however, it is up to the Board to decide whether to do so." *Id.*