Argued and submitted November 23, remanded for resentencing; otherwise affirmed December 15, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY CHARLES LANGMAYER,
*Defendant-Appellant.*

Jackson County Circuit Court
091789DV; A142787

244 P3d 894

Kenneth A. Kreuscher, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Michael R. Washington, Assistant Attorney General, argued the cause for respondent. With him on the brief were

John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

PER CURIAM

.

**PER CURIAM**

Defendant was convicted of assault in the second degree, ORS 163.175. At sentencing, the court initially gave him the option of taking a nonmandatory, non-Measure 11 sentence with the condition that he have no contact with his wife, the victim, or, in the alternative, to take a Measure 11 sentence without a no-contact condition. After a colloquy with the victim, however, the court stated that it was imposing the non-Measure 11 sentence with the "no contact" recommendation. The actual judgment document nonetheless imposes the Measure 11 sentence and also contains the following notation:

**"Sentence Instructions**

"Defendant shall:

"Not have contact with victim.

"Pay restitution in an amount to be determined as ordered and pursuant to ORS 137.106(1)(b).

"Defendant shall have no contact with victim during period of incarceration."

(Boldface in original.)

On appeal, defendant argues that the court, in its written and signed judgment, imposed a condition of incarceration, and that in so doing it exceeded its authority; only the Department of Corrections may impose a condition of incarceration. The state concedes that a court does not have authority to impose a condition of incarceration. We agree. *State v. Wright*, 128 Or App 88, 90, 875 P2d 1174 (1994). The state goes on to argue, however, that the court in this case did *not* impose a condition of incarceration; rather, it proposed a recommendation, leaving the choice to the Department of Corrections. We disagree. In determining a trial court's intention, we look to the signed judgment and not to in-court statements. *State v. Freeman*, 127 Or App 640, 643, 873 P2d 1107 (1994). Here, the signed judgment gives the Department of Corrections an "instruction," not a recommendation or suggestion. The instruction twice states that defendant "shall not" have contact. That is unambiguously an imperative, and in imposing that imperative, the court exceeded its authority.

Remanded for resentencing; otherwise affirmed.