**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**TIMOTHY ALAN HALL,**
*Defendant-Appellant.*

Clatsop County Circuit Court
14CR02312; A158198

385 P3d 1225

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Keith L. Kutler, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Haselton, Senior Judge.

## DUNCAN, P. J.

The trial court convicted defendant of criminal mistreatment in the first degree and sentenced him to 20 months in prison and three years of post-prison supervision. In its written judgment, the trial court ordered defendant to "[r]efrain from having contact or knowingly associating with the victim[.]" Defendant appeals, raising six assignments of error. We write only to address defendant's fourth assignment of error, in which he asserts that the trial court "plainly erred in imposing a no-contact provision as part of [the] judgment." We reject defendant's other assignments of error without written discussion.

In support of his fourth assignment of error, defendant contends that the trial court imposed the no-contact provision either as a condition of incarceration or as a condition of post-prison supervision, and that it lacked authority to do so.[1] *See State v. Langmayer*, 239 Or App 600, 601, 244 P3d 894 (2010) (trial courts lack authority to impose conditions of incarceration); *State v. Reed*, 235 Or App 470, 474, 237 P3d 826 (2010) (trial courts lack authority to impose conditions of post-prison supervision). Defendant further contends that the error is apparent on the record and that we should exercise our discretion to correct it. *See* ORAP 5.45(1) (authorizing review of unpreserved errors apparent on the record); *State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990) (articulating the standards for plain error review); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (identifying considerations relevant to whether appellate court should exercise its discretion to review a plain error). Defendant points out that we have done so in similar cases. *See, e.g., State v. Rubio/Galligan*, 248 Or App 130, 139, 273 P3d 238, *rev den*, 352 Or 107 (2012) (exercising discretion to correct erroneous no-contact

---

[1] At the sentencing hearing, the state appears to have requested the no-contact provision as a condition of post-prison supervision; it asked the court to order defendant to "have no contact with [the victim] during the—when he's out." But the trial court appears to have imposed the no-contact provision as a condition of defendant's incarceration; it set out the prohibition in the section of the judgment entitled "Sentence Instructions," not the section entitled "Post-Prison Supervision." *See State v. Langmayer*, 239 Or App 600, 601, 244 P3d 894 (2010) (describing no-contact provision listed in "Sentence Instructions" as a condition of incarceration).

provision); *Reed*, 235 Or App at 475-76 (exercising discretion to correct erroneous post-prison supervision condition prohibiting defendant from contacting the victim, her family, or any minor children).

The state concedes that "the trial court plainly erred by including the no-contact provision in the judgment and that this court may exercise its discretion to review it."

We agree with the parties that the trial court plainly erred by imposing the no-contact provision and we exercise our discretion to correct the error. This case involves the imposition of an unauthorized provision, which neither party asserts an interest in maintaining. *See Ailes*, 312 Or at 382 n 6 (in deciding whether to exercise discretion to correct plain error, a court may consider "the competing interests of the parties[,]" among other factors). Additionally, as we noted in *Reed*, "sentencing [a] defendant according to the law serves the ends of justice[.]" 235 Or App at 476; *see also Ailes*, 312 Or at 382 n 6 (a court may also consider "the ends of justice in the particular case"). Finally, this is not a case where, if defendant had objected, the record could have developed in a way that would have enabled the court to impose the condition. *See id.* (another factor a court may consider is "whether the policies behind the general rule requiring preservation of error have been served in the case in another way"); *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) ("[P]reservation fosters full development of the record, which aids the trial court in making a decision and the appellate court in reviewing it."). Trial courts simply do not have the authority to impose conditions of incarceration or post-prison supervision.

Reversed and remanded for entry of a judgment omitting the challenged no-contact provision; otherwise affirmed.