PER CURIAM
*197 Defendant appeals a judgment revoking her probation. Defendant assigns error to the trial court's imposition of $110 in court-appointed attorney fees and a $25 probation-violation fee. Defendant argues that the trial court erred when it ordered her to pay those fees because the court entered them in the judgment without first announcing in court that it would impose them. Defendant requests that we remand the case for resentencing. The state concedes that the trial court erred in imposing attorney fees for the first time in the judgment. However, the state argues that, because it agrees with defendant that that error requires a remand, we need not reach defendant's assignment of error to the court's imposition of the probation-violation fee. We agree with and accept the state's concession regarding the attorney fees and, accordingly, reverse the imposition of those fees. See State v. White , 269 Or. App. 255, 256-57, 344 P.3d 510, rev. den. , 357 Or. 300, 353 P.3d 595 (2015) (accepting state's concession that trial court erred in imposing court-appointed attorney fees for the first time in the judgment). Also, because the parties agree that the error in this case necessitates a remand for resentencing, we do not reach defendant's argument regarding the imposition of the probation-violation fee.
Portion of judgment imposing court-appointed attorney fees reversed; remanded for resentencing; otherwise affirmed.