PER CURIAM
*486 *87 Defendant was placed on probation for menacing constituting domestic violence. ORS 163.190 ; ORS 132.586. He violated the terms of his probation. The sentencing court revoked his probation and sentenced him to 90 days in jail. The court also imposed a requirement that he perform work-crew service if released from jail "early." In addition, the judgment included a $25 probation violation fee that the court did not announce in defendant's presence. On appeal, defendant assigns error to the imposition of the work-crew requirement, arguing that the court plainly erred because it had no authority to impose it when he was sentenced to a term of incarceration. He also assigns error to the inclusion of the $25 fee in the judgment, arguing that, as part of a sentence, it had to first be announced in his presence. With respect to both assigned errors, defendant asserts that this court should remand for resentencing. For the reasons that follow, we agree that the case should be remanded for resentencing.
Under ORS 137.010(7), when a sentencing court revokes probation, it "shall impose" a sentence of a term of imprisonment, a fine, both imprisonment and a fine, or discharge of the defendant. Here, the court imposed both a term of imprisonment and a provision in the nature of a probation condition. We have held that a trial court plainly erred by imposing, as part of the judgment in a criminal case, both a term of incarceration and a no-contact order, and we have exercised our discretion to correct the error. See, e.g. , State v. Coventry , 290 Or. App. 463, 464, 415 P.3d 97 (2018) (and cases cited therein). The state concedes that the court plainly erred by imposing the work-crew requirement, and it agrees that the case should be remanded to the sentencing court.
We agree with the parties that the trial court plainly erred by imposing the work-crew requirement, and we exercise our discretion to correct the error. This case involves the imposition of an unauthorized sentence provision, which neither party asserts an interest in maintaining. See Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382 n. 6, 823 P.2d 956 (1991) (in deciding whether to exercise discretion to correct *88 plain error, one consideration is "the competing interests of the parties"). Additionally, "sentencing [a] defendant according to the law serves the ends of justice[.]" State v. Reed , 235 Or. App. 470, 476, 237 P.3d 826 (2010) ; see also Ailes , 312 Or. at 382 n. 6, 823 P.2d 956 (a court may also consider "the ends of justice in the particular case"). We remand the case for resentencing.
In light of that disposition of the first assignment of error, we need not reach defendant's second assignment of error. State v. Crow , 292 Or. App. 196, 197, 418 P.3d 779 (2018) (declining to reach assignment of error challenging imposition of probation-violation fee outside of the defendant's presence where parties agreed that disposition of separate assignment of error required remand for resentencing).
Remanded for resentencing; otherwise affirmed.