PER CURIAM
*466 *138 Defendant appeals a judgment of conviction for multiple counts of theft arising from his theft of funds from his mother and her estate. Defendant does not challenge his convictions but raises 15 assignments of error related to the sentences imposed on his convictions. We reject defendant's first assignment of error without written discussion. With respect to defendant's remaining assignments, we agree with and accept the state's concession that the trial court erred by including mandatory conditions of post-prison supervision and confinement in the sentences that it imposed. Accordingly, we remand with instructions to modify the challenged conditions.
Following defendant's conviction in a jury trial of multiple counts of theft, the trial court entered a judgment of conviction that included a series of sentencing instructions, each of which began with the direction that "[d]efendant shall" engage or refrain from certain conduct. Defendant contends on appeal that the court exceeded its sentencing authority by imposing those conditions because the court lacked authority to impose incarceration conditions, as opposed to recommendations. See, e.g. , State v. Langmayer , 239 Or. App. 600, 601, 244 P.3d 894 (2010) (court lacks authority to impose incarceration conditions). The state concedes that a court does not have authority to impose incarceration conditions. We agree and accept the state's concession. By identifying conditions in defendant's sentence as conditions with which "[d]efendant shall" comply, the sentencing court imposed mandatory conditions, not recommendations. See id. We also agree with the state that the appropriate dis-position is to remand to the trial court to correct those sentencing conditions.
Remanded for modification of sentencing conditions; otherwise affirmed.