PER CURIAM
Defendant was convicted of two counts of second-degree rape, and the trial court *1113 sentenced him to consecutive 75-month imprisonment sentences. What defendant challenges in this appeal are the judgment's instructions imposing a "sex offender package" (among other things, sex-offender treatment and registration; refrain from use or possession of nonprescription controlled substances, alcohol, and pornography; and no contact with the victim and the victim's daughter). Defendant argues that the court was not authorized to order conditions of an incarceration sentence, noting that only the Department of Corrections may do that.[1] See State v. Langmayer , 239 Or. App. 600, 601, 244 P.3d 894 (2010) (sentencing court erred by imposing an instruction of no-contact with the victim). Further, defendant contends that the error is plain and asks us to exercise our discretion to correct it. See State v. Hall , 282 Or. App. 9, 10, 385 P.3d 1225 (2016), rev. den. , 360 Or. 752, 388 P.3d 725 (2017) (trial court plainly erred by including a no-contact provision in the judgment because court lacked authority to impose conditions of incarceration). The state concedes that the trial court plainly erred. We agree and accept the state's concession. Furthermore, we exercise our discretion to correct the error for the reasons we stated in Hall . Id . at 11, 385 P.3d 1225 (lack of "competing interests of the parties" and sentencing a defendant "according to the law serves the ends of justice" weighed in favor of exercising plain error discretion).
Remanded for entry of judgment omitting the challenged provisions; otherwise affirmed.

Defendant raises two assignments of error; the resolution of his first assignment obviates the need to address his second assignment.