PER CURIAM
*83 Defendant petitions for reconsideration of our decision in State v. Zoske , 295 Or. App. 86, 433 P.3d 485 (2018), in which we remanded the case for resentencing and other-wise affirmed. He argues that our disposition of the case was incorrect.[1] We allow reconsideration, and adhere to our former opinion.
Defendant appealed, raising two assignments of error related to sentencing. We agreed with defendant's first assignment of error that the trial court had plainly erred by imposing a work-crew condition as well as a sentence of incarceration. Id. at 87, 433 P.3d 485. We determined that the case should be remanded for resentencing, and that, in light of that remand, we did not need to resolve the second assignment of error. Id. at 88, 433 P.3d 485 (citing State v. Crow , 292 Or. App. 196, 197, 418 P.3d 779 (2018) ).
Defendant argues in his petition for reconsideration that "[t]he correct disposition in this case is reversal of the portions of the judgment imposing work crew and a probation violation fee and remand for entry of a judgment deleting those terms."[2] Defendant points out that, in resolving the first assignment of error, we drew an analogy between the imposition of the work-crew condition *329 and judgments in which courts have plainly erred by imposing no-contact orders in addition to sentences of incarceration. Citing our recent decision in State v. Coventry , 290 Or. App. 463, 464, 415 P.3d 97 (2018), he argues that we have determined that *84 the correct disposition is to reverse the portion of the judgment containing the no-contact order, and remand for entry of a judgment omitting the unauthorized order. But dispositions are not necessarily categorical determinations based only on the type of error involved. They also may depend on the circumstances in a particular case. See, e.g. , State v. Rubio/Galligan , 248 Or. App. 130, 140, 273 P.3d 238 (2012) (declining to remand because "there do not remain options that the trial court permissibly could adopt on resentencing, * * * that relate to this error" (citation and internal quotation marks omitted)); State v. Langmayer , 239 Or. App. 600, 601, 244 P.3d 894 (2010) (remanding for resentencing where no contact provision may have been intended to be a recommendation).
In this case, which was in a plain-error posture, we did not rule out the possibility that the trial court could find some other way to effectuate its intention in sentencing defendant. For that reason, we concluded that a remand for resentencing was appropriate, and we adhere to that conclusion.
Reconsideration allowed; former opinion adhered to.

Defendant makes additional arguments, which we reject without written discussion.

In the argument section on the first assignment of error in his opening brief, defendant argued that "this court should reverse and remand for resentencing." In the argument section on the second assignment of error, defendant asserted that "this court should remand for resentencing." In the conclusion section of that brief, defendant asked us to "vacate the portions of the judgment imposing the $25 probation violation fee and the work crew requirement." In his reply brief, he requested that we "reverse the $25 probation-violation fee." Defendant did not develop an argument in either the opening or reply brief as to why any of those dispositions was correct. Given the varied positions that defendant took in his briefing, and that among those were positions advocating for remand and resentencing, defendant is not in a position to argue that that disposition was incorrect. Nevertheless, because it may be of some benefit to the bench and bar, we provide a brief explanation of our decision to adhere to our disposition.