Submitted February 7; remanded for entry of judgment omitting the challenged provision, otherwise affirmed March 4, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHANE DANIEL McCLURE,
*Defendant-Appellant.*

Douglas County Circuit Court
18CR16450; A169093

458 P3d 733

Ann Marie Simmons, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

PER CURIAM

Remanded for entry of judgment omitting the challenged provision; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for one count of first-degree sodomy, ORS 163.405, asserting that the trial court erred when, in addition to imposing the mandatory sentence of 300 months' imprisonment, it imposed an additional condition that defendant "[e]nter into and complete or be successfully discharged from a sex offender treatment program approved by the supervising officer. The program may include polygraph and plethysmograph and/or any other approved testing. The person is responsible for paying for the treatment program." Although defendant did not preserve an objection, he argues that the court plainly erred in imposing this condition because, when imposing a sentence of incarceration, trial courts lack authority to impose either conditions of incarceration or conditions of post-prison supervision. *See State v. Lutcavich*, 295 Or App 263, 430 P3d 1112 (2018) (court plainly erred in imposing sex-offender treatment requirement as condition of incarceration sentence); *State v. Reed*, 235 Or App 470, 474, 237 P3d 826 (2010) (court plainly erred in imposing conditions of post-prison supervision). The state agrees and concedes the error. We accept that concession and exercise our discretion to correct the error for the reasons set forth in *Lutcavich*, 295 Or App at 264 (sentencing a defendant according to law serves the ends of justice and weighs in favor of exercising plain error discretion).

Remanded for entry of judgment omitting the challenged provision; otherwise affirmed.