Submitted April 2; remanded for entry of judgment omitting erroneous "sentencing instruction" term, otherwise affirmed April 22; petition for review denied August 27, 2020 (366 Or 826)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

OMARI JIBRI BRUNSON,
*Defendant-Appellant.*

Douglas County Circuit Court
17CR16878; A168482

465 P3d 305

William A. Marshall, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Beth Andrews, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

PER CURIAM

Remanded for entry of judgment omitting erroneous "sentencing instruction" term; otherwise affirmed.

**PER CURIAM**

Defendant was convicted of second-degree criminal trespass. ORS 164.245. He argues on appeal that the trial court erred in two ways: by denying his motion for judgment of acquittal, and by including in the judgment of conviction, in addition to a jail sentence, a "sentencing instruction" that defendant not enter the property on which he had trespassed. We reject defendant's challenge to the denial of his motion for judgment of acquittal without further discussion. With respect to the sentencing instruction, the state concedes that the court erred in imposing that condition and that the error requires correction. We agree.

When a trial court imposes a sentence of incarceration, it lacks authority to impose additional conditions in the form of "sentence instructions," as the trial court did here. *See State v. Hall*, 282 Or App 9, 385 P3d 1225 (2016), *rev den*, 360 Or 752 (2017) (court lacked authority to impose condition concerning contact with victim in addition to term of imprisonment); *State v. Langmayer*, 239 Or App 600, 244 P3d 894 (2010) (same). We routinely have exercised our discretion to correct similar errors as plain error. *See Hall*, 282 Or App at 11; *State v. Rubio/Galligan*, 248 Or App 130, 139-40, 273 P3d 238, *rev den*, 352 Or 107 (2012) (same). For the reasons set forth in *Hall*, we exercise our discretion to correct the error here.

Remanded for entry of judgment omitting erroneous "sentencing instruction" term; otherwise affirmed.