Submitted March 31; remanded for entry of judgment omitting condition that defendant not use or possess alcohol on Count 1 in Case Number MI150079 and Count 1 in Case Number 16CR02091, otherwise affirmed April 29, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD ANDREW ROSE,
*Defendant-Appellant.*

Deschutes County Circuit Court
MI150079, 16CR02091;
A168336 (Control), A168337

461 P3d 1109

A. Michael Adler, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Remanded for entry of judgment omitting condition that defendant not use or possess alcohol on Count 1 in Case Number MI150079 and Count 1 in Case Number 16CR02091; otherwise affirmed.

**PER CURIAM**

In this consolidated appeal, defendant appeals from two judgments of conviction. In Case Number MI150079, defendant was convicted of driving under the influence of intoxicants (DUII) (Count 1). In Case Number 16CR02091, defendant was convicted of DUII (Count 1) and assault in the third degree (Counts 3 and 5). Defendant pleaded guilty to those counts. Defendant's appeal raises various challenges to his resulting sentence, including that the 62-month aggregate sentence of incarceration was constitutionally disproportionate and that the trial court erred in imposing sentencing restrictions. We reject all of defendant's arguments without further written discussion save one, that the trial court plainly erred by imposing a mandatory sentencing condition on both DUII counts that was not permitted by statute. We thus remand to the trial court with instructions to delete the mandatory condition on those counts that defendant not use or possess alcohol.

Defendant contends that the trial court plainly erred in imposing "sentencing instructions" that defendant not use or possess alcohol because defendant received a "straight-jail" sentence with no probation and, therefore, could not be subjected to additional conditions. The state concedes that the court erred because it lacked the sentencing authority to impose a mandatory incarceration restriction. ORS 137.010(7) (providing that, when a court does not suspend the imposition or execution of any sentence, the court "shall" impose a term of imprisonment, a fine, both, or discharge of the defendant); *State v. Easton*, 295 Or App 137, 138, 431 P3d 465 (2018) (remanding for modification of incarceration conditions because the trial court exceeded its sentencing authority). The state contends that the proper remedy is a limited remand to strike the improperly imposed sentencing restriction.

We accept the state's concession, conclude that the trial court plainly erred, and exercise our discretion to correct that error. *See State v. Reed*, 235 Or App 470, 475-76, 237 P3d 826 (2010) (exercising discretion to correct plainly erroneous mandatory condition of post-prison supervision). As a result, we remand to the trial court to delete the improper

sentencing condition on the DUII counts that defendant not use or possess alcohol.

Remanded for entry of judgment omitting condition that defendant not use or possess alcohol on Count 1 in Case Number MI150079 and Count 1 in Case Number 16CR02091; otherwise affirmed.