Submitted September 3; portion of judgment containing no-contact conditions reversed, otherwise affirmed October 20, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES DAVID KEITH,
aka Keith James,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CN02988; A173158

497 P3d 1292

Kelly Skye, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Portion of judgment containing no-contact conditions reversed; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment containing sanctions for contempt of court for violating an Elderly and Disabled Person Abuse Prevention restraining order. The trial court imposed a sanction of six months in jail; the court did not order probation, but the judgment includes conditions that defendant is not to have contact with the victim and that he is not to "trespass at victim's residence and/or work place or w/in 150 ft where [victim] goes w/o written permission of PO." In his sole assignment of error, he contends that the trial court plainly erred by including those no-contact conditions in the judgment. He argues that the trial court did not have statutory authority to impose stand-alone, indefinite no-contact conditions as a punitive contempt sanction. *See* ORS 33.105(2) (authorizing a fine, forfeiture, confinement, probation, and community service as punitive contempt sanctions).

The state concedes that, under the circumstances here, the trial court plainly erred in imposing no-contact conditions that are not part of a probationary sentence and agrees with defendant that the no-contact conditions of the judgment should be vacated. *See, e.g.*, *State v. Langmayer*, 239 Or App 600, 601, 244 P3d 894 (2010) (sentencing court erred by imposing an instruction that the defendant have "no contact" with the victim). We agree with and accept the state's concession and conclude that the gravity of the error and the ends of justice weigh in favor of exercising our discretion to correct the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (factors to consider when deciding whether to exercise discretion to correct plain error include gravity of error and ends of justice).

Portion of judgment containing no-contact conditions reversed; otherwise affirmed.