***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted November 21, 2022, affirmed February 8, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DYIA MYRNA STIDHEM,
*Defendant-Appellant.*

Douglas County Circuit Court
20CR09048; A175689

William A. Marshall, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Nicholas C. Greenfield, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Lagesen, Chief Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. In her first two assignments of error, she argues that the trial court erred by ordering termination of her participation in a diversion program and then denying her motion to vacate the order of termination. In her other two assignments of error, she argues that the trial court plainly erred by requiring her to attend a victim impact panel and to receive a substance abuse evaluation and complete any recommended treatment. We affirm.

Defendant's first two assignments of error raise an issue that is outside our scope of review under ORS 138.105(5). In *State v. Colgrove*, 370 Or 474, 500, 521 P3d 456 (2022), the Supreme Court recently held that a legal challenge to the termination of diversion was unreviewable under ORS 138.105(5). ORS 138.105(5) "precludes a defendant who pleads guilty or no contest from obtaining appellate review of legal challenges to the 'conviction' in the judgment entered in the trial court." *Colgrove*, 370 Or at 500. As used in ORS 138.105(5), "conviction" means "the judicial determination of guilt as reflected in the judgment entered on the plea, which encompasses intermediate trial court rulings that led to the entry of the judgment containing that judicial determination." *Id.* Like the defendant in *Colgrove*, defendant challenges intermediate rulings of the trial court that led to the entry of the judgment convicting her of DUII based on her no-contest plea. The rulings that are the subject of defendant's first two assignments of error are therefore unreviewable. *See id.* ("In the context of DUII diversion, ORS 138.105(5) precludes a defendant from obtaining direct appellate review of legal rulings made during the lengthy post-plea diversion process.").

In her third and fourth assignments of error, defendant contends that the trial court plainly erred by requiring her (1) to attend a victim impact panel and (2) to receive a substance abuse evaluation and complete any recommended treatment. We reject those unpreserved claims of error because any error is not "plain." An error is "plain," such that we have discretion to correct it despite the lack

of preservation, "when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences." *State v. Murphy*, 319 Or App 330, 334, 510 P3d 269 (2022) (citing *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013)).

Defendant argues that the trial court lacked statutory authority to impose the foregoing requirements where she was not placed on probation. However, as the state points out, ORS 813.020 expressly provides that, when a person is convicted of DUII, the trial court "shall require the person to *** [c]omplete a screening interview and a treatment program as provided in ORS 813.021," ORS 813.020(1)(b), and may require the person "to attend a victim impact treatment session," ORS 813.020(3). *See also* ORS 813.010(3) ("A person convicted of the offense described in this section [(DUII)] is subject to ORS 813.020 in addition to this section."). As such, it is not obvious that the trial court erred in imposing the challenged requirements, and this case is distinguishable from *State v. Brunson*, 303 Or App 668, 465 P3d 305, *rev den*, 366 Or 826 (2020), on which defendant relies.[1] Because the legal point on which defendant's argument depends is not obvious and is reasonably in dispute, the trial court did not commit a "plain" error in imposing the requirements, and we reject the third and fourth assignments of error.

Affirmed.

---

[1] In *Brunson*, the defendant was convicted of criminal trespass and sentenced to incarceration. 303 Or App at 669. The state conceded, and we agreed, that it was plain error for the trial court to impose a sentencing instruction that the defendant not enter the property on which he had trespassed. *Id.* We explained that, "[w]hen a trial court imposes a sentence of incarceration, it lacks authority to impose additional conditions in the form of 'sentence instructions,'" and cited a line of cases reversing sentencing instructions that an incarcerated defendant have no contact with the victim. *Id.* Unlike *Brunson* and the cases cited therein, the state has identified specific statutory authority for the requirements imposed in this case.