***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted October 21, 2022, remanded for entry of judgment omitting erroneous "sentence instruction" term, otherwise affirmed May 10, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH LAWRENCE HERSHEY,
*Defendant-Appellant.*

Klamath County Circuit Court
17CR66503; A174834

Andrea M. Janney, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark J. Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Hellman, Judge, and Landau, Senior Judge.

HELLMAN, J.

Remanded for entry of judgment omitting erroneous "sentence instruction" term; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals the trial court's imposition of a sentencing instruction on his sentence of discharge. We remand for entry of judgment omitting the sentencing instruction.

Defendant was charged with three counts of animal neglect in the second degree, ORS 167.325. As part of a plea agreement, defendant entered an *Alford* plea[1] to one of the counts; the others were dismissed. As relevant here, the plea agreement stated that defendant "understand[s] that the district attorney agrees to make the following recommendation to the court about my sentence and/or other pending charges: *** Defendant may not have dogs in his possession while in the state of Oregon."

At sentencing, the trial court imposed the following sentence: "It is a sentence of discharge. Defendant may not have dogs in his possession while in the state of Oregon." Defendant did not object to the trial court's imposition of the condition. The judgment included a "sentence instruction" that "Defendant is not allowed to possess dogs in the State of Oregon for life."

In his sole assignment of error, defendant argues that the trial court erred when it prohibited him from possessing dogs for life because a court lacks authority to impose sentencing instructions on a sentence of discharge.

Defendant admits that his assignment of error is unpreserved, but asks us to review for plain error. The state disputes that our review is for plain error. Instead, the state takes the position that defendant invited the error. We agree with defendant.

Under the invited error doctrine, a party who is actively instrumental in bringing about an alleged error cannot later complain about such alleged error. *E.g.*, *State*

---

[1] A plea pursuant to *North Carolina v. Alford*, 400 US 25, 91 S Ct 160, 27 L Ed 2d 162 (1970), is one "in which the defendant does not admit commission of the criminal act or asserts that he is innocent. In such a situation, the trial court must determine that there is a factual basis for the plea." *State v. Sullivan*, 197 Or App 26, 28 n 1, 104 P3d 636 (2005), *rev den*, 340 Or 673 (2006).

*v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009). Here, defendant was not "actively instrumental" in bringing about the error. He did not propose the condition, argue for its imposition, or agree to it. Instead, he signed a plea agreement in which he understood that the state would recommend the condition to the trial court. In essence, defendant agreed that he understood what position the state would take at sentencing and that he did not object to having the state make the argument. On those facts, defendant cannot be said to have invited the error.

Defendant did not cause the error, but neither did he object when the court ordered the condition. Defendant's failure to object resulted in an unpreserved claim of error. Our review is thus for plain error.

Plain error review is a two-step process. We must first determine that the error is plain, which means that it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those three elements are met, we then must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.,* 312 Or 376, 382, 823 P2d 956 (1991).

Here, the error qualifies as plain because under ORS 137.010 a court lacks legal authority to impose sentence instructions on a sentence of discharge, as the trial court clearly did here. *See, e.g.*, *State v. Brunson*, 303 Or App 668, 669, 465 P3d 305 (2020) (per curiam) (so holding for sentence instructions on a sentence of incarceration under ORS 137.010, which does not provide for sentence instructions); *State v. Hall*, 282 Or App 9, 11, 385 P3d 1225 (2016), *rev den*, 360 Or 752 (2017) (same). As defendant correctly points out, we have routinely exercised our discretion to correct legally erroneous sentence instructions. We do so here as well.

Remanded for entry of judgment omitting erroneous "sentence instruction" term; otherwise affirmed.