No. 736 October 16, 2024 519

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JORDAN TIMOTHY THORN,
*Defendant-Appellant.*

Deschutes County Circuit Court
21CR10786; A180958

Wells B. Ashby, Judge.

Submitted September 5, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Remanded for entry of a judgment omitting the sentence instruction on Count 2; otherwise affirmed.

**AOYAGI, P. J.**

Defendant appeals the amended judgment entered after he pleaded guilty to criminal conspiracy, ORS 161.450 (Count 1); attempted first-degree burglary, ORS 161.405 and ORS 164.225 (Count 2); and attempted first-degree robbery, ORS 161.405 and ORS 164.415 (Count 3). In his sole assignment of error, defendant argues that the trial court erred by including in the judgment a "sentence instruction" requiring the forfeiture of seized property. The state concedes the error, but the parties disagree as to the appropriate remedy. As explained below, we agree that the court erred, and we remand for entry of a judgment that omits the sentence instruction.

After a settlement conference in which the victim participated, the state agreed to "take this case out of Measure 11" so that defendant would have "the opportunity to earn good time and to participate in programs," and defendant agreed to plead guilty, serve a 90-month prison term, and pay a $5,000 compensatory fine to the victim. Defense counsel observed that it was "a very unique settlement conference that had incredible results." The trial court indicated at sentencing that it intended to follow the parties' sentencing recommendations, and the court and the parties were generally scrupulous about making a record of the parties' agreement and the sentencing terms.

However, in the actual judgment entered by the court (which was drafted by the state at the court's request), as well as in a subsequent amended judgment entered by the court, there appears under Count 2 a heading called "Sentence Instructions," under which it provides that "[a]ll property seized is forfeited." That sentencing instruction was not mentioned in open court. Moreover, nothing in the record suggests that it was part of the plea deal; to the contrary, the record essentially forecloses that possibility. Because it appeared for the first time in the judgment, there is no preservation requirement. *State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010).

"We review sentencing decisions for legal error." *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*,

363 Or 744 (2018). "A criminal defendant has the right to have their sentence announced in open court." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023). A trial court commits reversible error if it does not do so. *State v. Bates*, 315 Or App 402, 404, 500 P3d 746 (2021). We therefore accept the state's concession of error as well taken.

As for the appropriate remedy, defendant argues that the trial court lacked authority to impose the forfeiture instruction and that we should therefore remand with instructions to enter an amended judgment that omits that instruction. The state argues that we should instead remand for resentencing—as is typical, *Bates*, 315 Or App at 404—because there is statutory authority for criminal forfeiture of some kinds of seized property and the record is silent as to the nature of any seized property in this case. We conclude that defendant has the better argument in this instance.

ORS 138.257(4)(a)(B) requires us to remand a case to the trial court if we determine that the court committed a sentencing error "that requires resentencing." Generally speaking, a sentencing error requires resentencing if "there remain options that the trial court permissibly could adopt on resentencing." *State v. Edson*, 329 Or 127, 139, 985 P2d 1253 (1999) (construing *former* ORS 138.222(5) (1997), *repealed by* Or Laws 2017, ch 529, § 26, which contained almost identical language to current ORS 138.257); *see also Haynes v. Adair Homes, Inc.*, 231 Or App 144, 153, 217 P3d 1113 (2009), *rev den*, 348 Or 414 (2010) ("[W]e ordinarily assume that, when the legislature adopts wording from earlier versions of statutes, it intends to adopt any judicial construction that has been given that wording at the time of enactment.").

Here, we agree with defendant that there are no such options, because the trial court lacked authority to impose a sentence instruction with a prison sentence.

"When a trial court imposes a sentence of incarceration, it lacks authority to impose additional conditions in the form of 'sentence instructions,' as the trial court did here." *State v. Brunson*, 303 Or App 668, 669, 465 P3d 305, *rev den*,

366 Or 826 (2020) (holding that the court lacked authority to impose both a sentence of incarceration and a sentence instruction that the defendant not enter property on which he had trespassed); *see also State v. Rose*, 303 Or App 811, 812, 461 P3d 1109 (2020) (holding that the court lacked authority to impose a mandatory incarceration restriction); *State v. McClure*, 302 Or App 643, 644, 458 P3d 733 (2020) ("[W]hen imposing a sentence of incarceration, trial courts lack authority to impose either conditions of incarceration or conditions of post-prison supervision."). The state cites potential authority to order the forfeiture of seized property in the abstract, but it fails to address the lack of authority to impose sentence instructions at all in conjunction with imposing a prison term.

Moreover, to the extent the state means to suggest that the court could potentially require criminal forfeiture as part of the sentence by means other than a sentence instruction, the state has not explained how that would be possible in this case, particularly when the statutes pertaining to criminal forfeiture of property, ORS 131.550 to 131.600, contain detailed procedural requirements that were not followed here and could not be followed at this point.

Under the circumstances, we agree with defendant that it is appropriate to remand with instructions to enter an amended judgment omitting the sentence instruction on Count 2 regarding the forfeiture of seized property.

Remanded for entry of a judgment omitting the sentence instruction on Count 2; otherwise affirmed.