342 May 6, 2026 No. 380

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAUL CANCHOLA-HERRERA,
*Defendant-Appellant.*

Marion County Circuit Court
23CR59266; A185760

Courtland Geyer, Judge.

Submitted March 13, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Remanded for resentencing; otherwise affirmed.

_____
* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Defendant pleaded guilty to, and was convicted of, second-degree kidnapping constituting domestic violence and fourth-degree assault constituting domestic violence. The trial court imposed a stipulated sentence of 70 months' imprisonment followed by 36 months' post-prison supervision on the kidnapping conviction, and 364 days in jail on the assault conviction, to be served concurrently. The judgment also includes a sentence "instruction" for the kidnapping conviction stating that defendant shall have no contact with the victim without a waiver, compliance with treatment, and court or probation officer permission. In the sentence for the assault conviction, the court ordered that defendant shall pay "any required per diem fees." Neither of those sentence provisions was part of the stipulated sentence, and the provisions were not announced in defendant's presence in open court during sentencing. Defendant assigns error to the inclusion of those sentence provisions in the judgment and he argues that preservation is excused because they appeared for the first time in the judgment. He also argues that the court lacked authority to impose the no-contact order when it also imposed a sentence of imprisonment. The state concedes that preservation was excused and that inclusion of those sentence provisions was error under the circumstances. We agree with and accept the state's concession. We remand for resentencing.

"A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted). Here, the trial court erred in imposing the no-contact provision and the requirement to pay a per diem fee in the judgment because they were not announced at sentencing, and the appropriate remedy is a remand for resentencing. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement to pay per diem fees was not announced in open court at sentencing). In addition, we agree with the parties that the sentencing court lacked authority to impose

a no-contact order as a sentence instruction on a sentence of incarceration and that it cannot impose the same no-contact order on resentencing. *State v. Zoske*, 295 Or App 86, 87, 433 P3d 485 (2018), *adh'd to on recons*, 296 Or App 82 (2019) ("Under ORS 137.010(7), when a sentencing court" sentences a person for an offense and it does not suspend imposition or execution of any part, "it 'shall impose' a sentence of a term of imprisonment, a fine, both imprisonment and a fine, or discharge of the defendant. \*\*\* We have held that a trial court plainly erred by imposing, as part of the judgment in a criminal case, both a term of incarceration and a no-contact order \*\*\*.").

Remanded for resentencing; otherwise affirmed.